UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KAYODE OSENI,

                           Petitioner,                    **ORDER**

            -against-                         16 Civ. 8743 (NSR) (AEK)

WILLIAM S. MAHONEY, SENIOR PAROLE
OFFICER, NYS DOCCS COMMUNITY
SUPERVISION,

                          Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

      The undersigned is in receipt of Petitioner's application for appointment of counsel filed on March 28, 2022. ECF No. 24. In his request, Petitioner states that he is financially unable to retain his own counsel, and that the assignment of counsel "would greatly aid in reaching a decision and order that is fair and timely." ECF No. 24-1 at 1.

      In deciding this application, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the case that provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate. Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61. If an application meets this threshold requirement, the district court must further consider the petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test

---

[1] This matter originally was referred to the Honorable Lisa Margaret Smith on January 10, 2017. ECF No. 6. It was reassigned to the undersigned on October 15, 2020.

veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62.

As set forth in the Court's Report and Recommendation regarding Petitioner's habeas petition, which also was issued today, the Court has concluded that Petitioner's claims do not "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a strict standard of review for federal courts reviewing the decisions of state courts: if an application for a writ of habeas corpus is to succeed, the state court proceeding must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In addition, a determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The Court has found that Petitioner's claims do not succeed under AEDPA's strict standards and has recommended that his habeas petition be denied in its entirety. Petitioner therefore cannot satisfy the first *Hodge* factor.

Because Petitioner cannot meet the threshold requirement of having substantial claims, the Court need not consider the other factors enumerated in *Hodge*, *i.e.*, Petitioner's ability and efforts to obtain counsel, as well as an inability to handle the case without assistance.

Accordingly, Petitioner's application for appointment of counsel is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24, and to mail a copy of this order to the *pro se* Petitioner.

Dated: November 1, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge